No. A-CV-23-85

# Supreme Court of the Navajo Nation

Alfred John, Jack John, and Helen Willie, *Defendants and Appellant,*
*and*
Larry Kee Yazzie, *Appellant,*
*vs.*
*Russell and Elsie Herrick, Plaintiffs-Appellees.*
Decided March 3, 1987

## OPINION

*Before Tso, Chief Justice, Bluehouse and Austin, Associate Justices.*

*Joe W. Washington, Esq., Tuba City, Arizona for the Appellants; Inja Nelson, Esq., DNA-People's Legal Services, Window Rock, Arizona for the Appellees.*

*Opinion delivered by Austin, Associate Justice.*

There are two appellants in this case. First, attorney Larry Kee Yazzie appeals the order which adjudged him in contempt for failure to inform the district court of the attorney's fee rule in *Hall v. Arthur,* 3 Nav. R. 35 (1980). Second, Jack John appeals the same order which denied his motion to collect attorney's fees from the Appellees, Russell and Elsie Herrick.

The Herricks sued defendants for personal injuries and property damage sustained in a two-vehicle accident they claim was caused by Alfred John. Appellant John was sued on the theory that he negligently entrusted a vehicle he had "purchased" and "owned" to Alfred John. Complaint, Count III.

Appellant John retained attorney Yazzie to defend him. Appellant John's answer shows that he moved for dismissal of the suit against him for plaintiffs's failure to state a claim, and to have the court award him attorney's fees. At trial, Appellant John's motion to dismiss was granted, and he then renewed his motion for an award of attorney's fees. The record does not show, nor has counsel for the Herricks shown on appeal, that the Herricks objected to the motion for attorney's fees at trial. The final order shows

that the court awarded $545.00 in attorney's fees to Appellant John. Order of May 28, 1985. The court instructed attorney Yazzie to draft the final order which was signed by the district judge.

Two months after entry of the final order, and upon motion of the Herricks, the court held a hearing to reconsider its award of attorney's fees. Upon reconsideration, the court found that *Hall v. Arthur, Id.,* precluded an award of attorney's fees to Appellant John. The court then amended its May 28, 1985 order to show that attorney's fees were denied to Appellant John. Order of August 9, 1985. This is the order that Appellant John is appealing.

Attorney Yazzie did not participate in the reconsideration hearing, but nonetheless, the court found that attorney Yazzie "knew or reasonably should have known" of the attorney's fee rule in *Hall v. Arthur, Id.,* and that he had failed to inform the court of the rule. Order of August 9, 1985. This finding resulted in the court holding attorney Yazzie in contempt. The record shows that attorney Yazzie was not notified of the contempt charge, nor was he given an opportunity to be heard. Attorney Yazzie was ordered to pay a fine of $25.00, or be jailed for three days.

# I. Contempt

Navajo Nation Courts have inherent power to punish for contempt. *In the Matter of Summary Contempt of: Leonard R. Tuchawena,* 2 Nav. R. 85 (1979); *In the Matter of Contempt of: Arnold Sells,* 5 Nav. R. 37 (1985); *In the Matter of Contempt of: Kee Yazzie Mann,* 5 Nav. R. 125 (1987); *See also In the Matter of Daniel Deschinny,* 1 Nav. R. 66 (1972); *Washburn v. McKensley,* 1 Nav. R. 114 (1977); *Mike v. Mike,* 1 Nav. R. 183 (1978). And contempts are either civil or criminal, and either direct or indirect. *In the Matter of Summary Contempt of: Leonard R. Tuchawena,* 2 Nav. R. 85 (1979); *In the Matter of Contempt of: Kee Yazzie Mann,* 5 Nav. R. 125 (1987). But the court must always first determine whether the person's conduct constitutes contempt. Thus, our issue is whether attorney Yazzie's failure to inform the court of the attorney's fee rule in *Hall v. Arthur,* 3 Nav. R. 35 (1980), constitutes contempt.

Contempt is any act which is calculated to hinder, obstruct, or embarrass the court in the administration of justice, or which lessens the dignity or authority of the court. BLACK'S LAW DICTIONARY 288 (5th ed. 1979). A failure to obey an order of the court is contempt. *In the Matter of Contempt of: Kee Yazzie Mann, Id.; Washburn v. McKensly,* 1 Nav. R. 114 (1977); *See also In the Matter of Summary Contempt of: Leonard R. Tuchawena,* 2 Nav. R. 85 (1979). Attorney Yazzie did not disobey an order of the court, therefore he cannot be held in contempt for disobeying an order.

But has attorney Yazzie in any way hindered, embarrassed, or obstructed the administration of justice? We hold that he did not. Attorney Yazzie's first request for attorney's fees appeared in the answer to the complaint. An alert opposing counsel would immediately prepare an objection and argue inadequate research of the law. Attorney Yazzie renewed his motion for attorney's fees at trial. Herricks's counsel should have immediately objected to the motion, citing *Hall v. Arthur,* 3 Nav. R. 35 (1980), in support, and thus placing the issue of attorney's fees before the court. Our Opinion is that attorney Yazzie properly presented his request for attorney's fees twice, and we will not condone holding an attorney in contempt for good faith practice.

Although ethical considerations require an attorney to disclose all applicable laws on the issues at trial, *see In the Matter of Daniel Deschinny,* 1 Nav. R. 66 (1972), in this case where opposing counsel has failed to mount opposition to a motion, it is highly inappropriate to hold attorney Yazzie in contempt. Inaction by Herricks's counsel is like consenting to the request for attorney's fees, and thus attorney Yazzie was under no further obligation to present supporting or conflicting authorities, unless requested by the court.

We acknowledge that Navajo courts have authority to determine what acts constitute contempt. *In the Matter of Summary Contempt of: Leonard R. Tuchawena,* 2 Nav. R. 85 (1979); *Cf. In the Matter of Contempt of: Kee Yazzie Mann,* 5 Nav. R. 125 (1987). But our holding in this case does not lessen that authority. Our opinion is that attorney Yazzie properly proceeded before the court, and holding an attorney in contempt for proper practice is a clear abuse of discretion. *See In the Matter of Summary Contempt of: Leonard R. Tuchawena,* 2 Nav. R. 85 (1979).

## II. Attorney's Fees

The attorney's fees rule within the Navajo Nation is that each party in litigation is responsible for their own attorney's fees, *Hall v. Arthur,* 3 Nav. R. 35 (1980). Recognized exceptions are (1) when a statute provides for attorney's fees, *Hall v. Arthur, Id.;* (2) when the case presents a special set of circumstances, *Hall v. Arthur, Id.; Morgan v. Morgan,* 5 Nav. R. 64 (1985); and (3) if a pleading or document is not submitted in good faith, or it contains material misstatements of fact or law, or it is not made upon adequate investigation or research. *Judicial Conference Resolution* (1982); 1 N.L.J. 5144.

Appellant John must prove that his case is an exception to the rule before he is entitled to attorney's fees. Appellant John first contends that his case presents a special set of circumstances. Contempt proceedings and con-

tracts providing for payment of attorney's fees are a special set of circumstances. *Hall v. Arthur,* 3 Nav. R. 35 (1980). So is an action for dissolution of marriage. *Morgan v. Morgan,* 5 Nav. R. 64 (1985). Appellant John has failed to show that his case falls into one of these areas, therefore his case does not present a special set of circumstances.

The Courts must exercise restraint in creating exceptions to the Navajo rule on attorney's fees. In a prior decision we said: "We would prefer that the Navajo Tribal Council, as the governing body of the Navajo Nation, approve any deviation from this general rule." *Hall v. Arthur,* 3 Nav. R. at 41 (1980). This does not mean that in an appropriate case, supported by sound reasoning, this Court cannot create another exception.

Next we consider Appellant John's contentions that the Herricks's pleadings were not submitted in good faith, nor based upon adequate investigation or research. These contentions are not supported by evidence showing how pleadings were not submitted in good faith, nor were we shown evidence proving inadequate investigation or research.

Appellant John directs us to look at the dismissal of the suit itself to find support for his arguments. He argues that the court has found a lack of merit in the complaint, and that alone proves bad faith pleading, and inadequate investigation or research. We decline to adopt such reasoning. Many suits are dismissed for lack of merit without an award of attorney's fees.

A request for attorney's fees must be supported by evidence proving that the pleadings were not submitted in good faith, or that the pleadings were submitted without investigating the relevant facts or without researching the applicable law. In the instant case, a mere assertion of bad faith based upon dismissal of a suit will not suffice. We hold that Appellant John has failed to prove an exception to the Navajo rule on attorney's fees.

## III. Mandate

The order of the Window Rock District Court holding Appellant Larry Kee Yazzie in contempt is reversed and dismissed. The record of the district court shall show a dismissal of the contempt charge. All fines that Mr. Yazzie has paid for contempt shall be returned.

The order of the Window Rock Distrct Court denying Appellant Jack John's motion for attorney's fees is affirmed. Each party to this appeal is responsible for their own attorney's fees on appeal and in the action in the district court.

Chief Justice Tso and Associate Justice Bluehouse concur.